**361 P.2d 733**

**BOARD OF SUPERVISORS OF the COUNTY OF PIMA, State of Arizona, and Lambert Kautenburger, Thomas S. Jay and Dennis B. Weaver, Constituting the Members of Said Board, Petitioners,**

**v.**

**Alexander J. TRAFICANTI, the Superior Court of the State of Arizona in and for the County of Pima, and the Honorable Raul H. Castro sitting as Judge of said Court, Respondents.**

**No. 7205.**

Supreme Court of Arizona.

May 10, 1961.

Harry Ackerman, Co. Atty., Pima County, Arthur R. Buller and Robert N. Hillock, Deputy Co. Attys., Pima County, Tucson, for petitioners.

Wade Church, former Atty. Gen., Robert W. Pickrell, Atty. Gen., John T. Amey, Asst. Atty. Gen., for respondents.

LOCKWOOD, Justice.

This is an application for a Writ of Prohibition to prohibit the Superior Court in Pima County from proceeding further in Superior Court case No. 65143 (Alexander J. Traficanti, Petitioner v. The Board of Supervisors of the County of Pima, et al.). Honorable John F. Molloy presiding as

Judge of the Superior Court in Pima County on October 20, 1960, caused to be issued a peremptory Writ of Mandamus directing the petitioners herein to expand the jury list in Pima County in accordance with A.R.S. § 21–301. At that time it required the Board of Supervisors to make "a list of all persons within the county qualified to serve as jurors", and ordered petitioners to appear in the Superior Court in Pima County on October 31, 1960, to report how they had executed such Writ.

On the last mentioned date petitioners appeared in court before Honorable Raul H. Castro. He found the petitioners, as members of the Board of Supervisors of Pima County, guilty of contempt for failure to follow the mandate of the peremptory writ and ordered that they might purge themselves of such contempt by filing a certified list of jurors as required by the writ, and set the matter for further hearing. Petitioners then filed their application for a Writ of Prohibition in this court.

Since the order of Judge Castro holding petitioners in contempt for failure to obey the mandate of the peremptory writ, the Arizona Legislature has met and enacted Chapter 1, 25th Legislature, 1st Regular Session, effective February 10, 1961. This Act amends Section 21–301, supra, to require only a list "contain[ing] the names of persons qualified to be jurors at least equal in number to fifty per cent of the votes cast in the county for all candidates for governor at the last preceding general election".

Since the act which the court, through Judge Molloy, ordered the Supervisors to perform in October is not now a requirement of law, the question of compliance therewith has become moot. It is therefore ordered denying the application for Writ of Prohibition.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and JENNINGS, JJ., concur.